UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>JUAN PABLO ARREOLA,<br><br>Defendant. | 15-CR-824 (RMB)<br><br><u>ORDER</u> |

**I. Background**

On July 21, 2016, following a jury trial, Juan Pablo Arreola ("Arreola" or "Defendant") was found guilty of one count of "conspiracy to distribute and possess with intent to distribute heroin" in violation of 21 U.S.C. § 846 and § 841(b)(1)(A). *See* Judgment, dated Nov. 17, 2016, at 1 (ECF No. 82). On November 17, 2016, Arreola was sentenced to 180 months of imprisonment, followed by five years of supervised release. *See id.* at 2.

On January 19, 2024, Defendant filed a *pro se* motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the United States Sentencing Guidelines. *See* Def.'s Mot., dated Jan. 19, 2024, at 5 (ECF No. 118). Defendant contends that he is eligible to receive "a two-level . . . sentence reduction in accordance with [A]mendment 821, Part B, zero-point offender." *Id.*

Both the U.S. Probation Office and the Government **oppose** Mr. Arreola's motion for a sentence reduction under U.S.S.G. § 4A1.1(e) and § 4C1.1(a). *See* Probation Office Supplemental Presentence Investigation Report, dated Mar. 6, 2024, at 2 (ECF No. 120). Probation argues persuasively that Defendant fails to meet the sentence reduction eligibility criteria because, at sentencing, Defendant's "total . . . criminal history points [was] 20." *See id.* at 2, 10. The

1

Government similarly argues that Defendant "does not qualify for relief under Amendment 821." Gov't Letter, dated Mar. 15, 2024 at 1 (ECF No. 123). Contrary to the defendant's motion, Arreola is not a zero-point offender, rather "[h]e is a *20*-point offender." *Id.* at 2 (emphasis in original).

## II. Legal Standard

Amendment 821 went into effect on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d). Among other things, it provides for resentencing and a two-level decrease in the Offense Level where: (1) a defendant had no criminal history points at sentencing, and (2) a defendant's offense did not include any of the (nine) categories listed in Section 4C1.1(a), including, without limitation, the use of violence, possession of a firearm, an act of terrorism, or any of six other specific categories. *See* U.S.S.G. § 4C1.1(a)(1)–(10).

## III. Analysis

Defendant is precluded from an offense level reduction because, among other things, he had 20 criminal history points. *See* Supplemental Presentence Investigation Report at 2, 10. "As reflected in the defendant's original Presentence Investigation Report [], the defendant has a staggering *20* criminal history points" and "does not qualify for relief under Amendment 821." Gov't Letter, at 1, 2 (emphasis in original).

## IV. Conclusion & Order

For the reasons stated above and based upon the record, Defendant's motion for a sentence reduction is denied.

*/s/ RMB*

Richard M. Berman
United States District Judge

Dated: March 21, 2024
New York, New York

**Copies Mailed By Chambers**